THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFFS
IN ERROR, v. FRED. W. PIERCE, DEFENDANT IN ERROR.

*Arson in third degree — chap.* 197 *of* 1862 *— what must be alleged in indictment for.*

In an indictment for arson in the third degree, under section 10 of chapter 197 of
1862 — providing that " every person who shall willfully set fire to, or burn in the
night-time, any store or warehouse not adjoining to or within the curtilage of
any inhabited dwelling-house, so that such house shall not be endangered by
such firing, shall, upon conviction, be adjudged guilty of arson in the third
degree " — it is not necessary to negative the exception therein contained, and
allege that the store or warehouse burned was not within the curtilage of an
inhabited dwelling-house as specified in the statute.

WRIT OF ERROR on behalf of the people to the Court of Sessions
of the county of Essex, to review a decision of the court quashing an
indictment and rendering a judgment in favor of the defendant
in error.

The defendant was indicted for arson. The indictment contain-
ing three counts, each charging the plaintiff with willfully and
feloniously setting fire to, and burning in the night-time, two stores
situated in the town of Westport. The defendant's counsel
demurred to and moved to quash the indictment, on the ground
that it was not alleged whether the stores were or were not adjoin-
ing to, or within the curtilage of, any inhabited dwelling-house, so
that such house would be endangered by such firing.

The court granted the motion, and the case was brought to the
General Term by The People, pursuant to chapter 82 of the Laws
of 1852.

*Robert S. Hale*, for the plaintiffs in error.

*Waldo, Tobey & Grover*, for the defendant in error.

LEARNED, P. J. :

It is true that, in many cases, where an indictment is found for a
statutory offense, it must negative any exceptions made in the statute.
The reason of this is evident. The absence of those facts which
are excepted by the statute, goes to make of the act done a criminal

offense. For instance, if one were indicted for selling liquor without having a license, it is the fact that he has no license which makes an offense of the act of sale.

But, in the present case, the words of exception in the statute, "not adjoining to or within the curtilage," etc., do not go to constitute the act of burning a criminal offense. They are intended only to except from the statute a class of acts which were already, by another statute, an offense of a higher degree. That statute had made it a crime to burn in the night-time any store or warehouse, even though it were not adjoining to or within the curtilage, etc. By the two statutes any setting fire in the night-time to a store or warehouse is a crime. If the store or warehouse be adjoining to or within the curtilage, etc., the crime is of a greater, if not, then of a less degree.

We think, therefore, that the judgment should be reversed and the people should have judgment on the demurrer and motion to quash, with leave to the defendant to plead to the indictment, and the case should be remitted to the Court of Sessions.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order quashing indictment and judgment on demurrer reversed defendant in error to be allowed to plead to indictment; case remitted to Court of Sessions.